

Entered on Docket
November 02, 2011

_____
Hon. Linda B. Riegle
United States Bankruptcy Judge

CHRISTOPHER P. BURKE, ESQ.
Nevada Bar No.: 004093
218 S. Maryland Pkwy.
Las Vegas, NV 89101
(702) 385-7987
atty@cburke.lvcoxmail.com
Attorney for Debtor(s)

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

In Re: ) BK-S-11-19258-LBR
 ) Chapter 13
JAIME A. ENCINA, and )
ROSARIO ENCINA, )
 )
    Debtor(s). ) DATE: October 20, 2011
 ) TIME: 3:15 p.m.

**ORDER APPROVING MOTION TO VALUE COLLATERAL AND MODIFY (STRIP OFF) THE SECOND MORTGAGE OF BANK OF AMERICA HOME LOANS (ACCT. ENDING NO. 3356) FOR PROPERTY 2312 WOOD DALE CT. NORTH LAS VEGAS, NEVADA 89031 PURSUANT TO 11 U.S.C. §506(a), §1322 AND OBJECTION TO SAID CLAIM PURSUANT TO F.R.B.P. 3007**

Upon the reading and filing of Debtors, JAIME and ROSARIO ENCINA, (hereinafter "Debtors" or "Encina") Motion to Value Collateral and Modify (Strip Off) the Second Mortgage of Bank of America Home Loans (Acct. Ending No. 3356) for Property 2312 Wood Dale Ct. North Las Vegas, Nevada 89031 Pursuant to 11 U.S.C. §506(a), §1322 and Objection to Said Claim Pursuant to F.R.B.P. 3007, by and through their attorney, CHRISTOPHER P. BURKE, ESQ., and BANK OF AMERICA HOME LOANS, (hereinafter "Creditor" or "Bank of America") not opposing nor appearing, and based upon the papers and pleadings on file herein,

and good cause appearing: the Court finds as follows:

1. The Debtor's principal residence located at 2312 Wood Dale Ct. North Las Vegas, Nevada 89031 ("Wood Dale") is valued at $170,600.00 as of the date of the Debtor's Chapter 13 Petition.

2. Wood Dale is collateral for a senior secured claim of Bank of America, N.A. ("Bank of America").

   [Check only one box, and fill in blanks]

   __X__ Bank of America has filed a Proof of Claim 11 related to such claim, and such Proof of Claim claims a debt of $269,063.54. Bank of America's Proof of Claim indicates that Bank of America has assigned 9823 to this claim.

   [or]

   ____ Senior Claim has *not* filed a Proof of Claim related to its claim, but has assigned [claim#] to this claim. The Debtor's schedules list the amount of senior claim's claims as $[amount].

3. Wood Dale is also collateral for a junior secured claim of Bank of America Home Loans ("Bank of America").

   ____ Junior claim has filed a Proof of Claim [claim#] related to such claim, and such Proof of Claim claims a debt of $[amount]. Junior claim's Proof of Claim indicates that junior claim has assigned [account#] to this claim.

   __X__ Bank of America has *not* filed a Proof of Claim related to its claim, but has assigned 3356 to this claim. The Debtor's schedules list the amount of Bank of America as $38,327.25.

4. Given the above, Bank of America's interest in the Debtor's interest in Wood Dale has no value.

THEREFORE, IT IS HEREBY ORDERED, that pursuant to Zimmer v. PSB Lending

2

Corp. (*In re Zimmer*), 313 F.3d 1220(9th Cir. 2002), and 11 U.S.C. §§506(d) and 506(d), Bank of America's claim is unsecured, and shall be treated as unsecured for all purposes in this case, including the manner in which such claim is treated and paid in Debtor's Chapter 13 plan; and

IT IS FURTHER ORDERED that should Debtor receive a *CHAPTER 13* discharge in this case, Bank of America, shall as soon as practicable thereafter take all necessary and appropriate steps to remove its lien of record, and to ensure that Debtor's title to Wood Dale is clear of any cloud on titled related to Bank of America's claim. This court hereby reserves jurisdiction with respect to any dispute over the actions necessary to comply with this paragraph; and

IT IS FURTHER ORDERED that should this case be converted to one under another chapter, 11 U.S.C. §348(f) shall govern the continued validity of this order; and

IT IS FURTHER ORDERED that should this case be dismissed, 11 U.S.C. §349(b)(1)-(3) shall govern the continuing validity of this order; and

IT IS FURTHER ORDERED that nothing in this order shall be deemed to be an allowance or disallowance of any claim of Bank of America, N.A. and Bank of America Home Loans, and any party in interest, including the Debtor or the Trustee, may hereafter object to either claim on any ground recognized by the Bankruptcy Code.

**IT IS SO ORDERED.**

Dated this _____ day of October, 2011.

Submitted by:                                              Approved/Disapproved:

_____                    _____
CHRISTOPHER P. BURKE, ESQ.                     KATHLEEN A. LEAVITT
Nevada Bar No. 004093                                Chapter 13 Trustee
218 S. Maryland Pkwy.                                 201 Las Vegas Blvd. S. #200
Las Vegas, NV 89101                                    Las Vegas, NV 89101
(702) 385-7987
Attorney for Debtor(s)

###

3

RULE 9021:

In accordance with Local Rule 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

___    The court has waived the requirements set forth in LR 9021(b)(1).

___    No party appeared at the hearing or filed an objection to the motion.

_X_    I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

**APPROVED:**
Kathleen Leavitt
Chapter 13 Trustee
201 Las Vegas Blvd., #200
Las Vegas, NV 89101
(702) 853-0700

___    I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

IT IS SO ORDERED.

Submitted by:

/S/CHRISTOPHER P. BURKE, ESQ.
CHRISTOPHER P. BURKE, ESQ.
Attorney for Debtor